IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **EVARISTUS MACKEY, Inmate #26836-034,** | ) ) ) | |
| Petitioner, | ) ) | |
| vs. | ) ) | CIVIL NO. 06-506-MJR |
| **BUREAU OF PRISONS and WARDEN BLEDSOE,** | ) ) ) | |
| Respondent. | ) ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Petitioner, currently in custody at the United States Penitentiary in Marion, Illinois, brings this action under the umbrella of habeas corpus law.  28 U.S.C. § 2241.  He also seeks leave to proceed *in forma pauperis* (Doc. 2).

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.  Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.  After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

Typically the writ of habeas corpus is used to completely free an inmate from unlawful

custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484-85 (1973). The writ has been extended, under certain circumstances, to allow a prisoner to challenge his transfer to a more restrictive confinement. *See, e.g., United States v. Harris*, 12 F.3d 735, 736 (7th Cir.1994); *Graham v. Broglin*, 922 F.2d 379 (7th Cir.1991).

> If the prisoner is seeking what can fairly be described as a quantum change in the level of custody--whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation--then habeas corpus is his remedy. *But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law....*

*Id.* at 381 (emphasis added); *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 138-139 (7th Cir. 1995).

In this case, Petitioner challenges his transfer to Marion and the subsequent requirement that he participate in the "E-CODE" program at Marion. The E-CODE program, implemented at Marion in June 2000, stands for "Enhanced – Challenge, Opportunity, Discipline and Ethics." The purpose of the E-CODE program is "to teach inmates self-discipline, the value of conforming with pro-social lifestyles and to change negative thoughts and behaviors that lead to incarceration related problems."[1] Petitioner asserts, as best the Court can tell, that he refused to participate in the program because to fill out some of the required forms Petitioner "would need legal representation to answer."

A requirement that Petitioner participate in the E-CODE program does not request a "quantum change in the level of custody." This is true even though petitioner's failure to complete the E-CODE program might result in a longer stay at Marion. *See Falcon*, 52 F.3d at 139; *Graham*, 922 F.2d at 381 (civil rights action was proper avenue "even if, as will usually be the case, the

---

[1] U.S. Department of Justice, Federal Bureau of Prisons, Institution Supplement Number MAR-5310.12B.

program or location or environment that he is challenging is more restrictive than the alternative that he seeks."). Nor, for the same reasons, does the transfer to Marion itself, even though a transfer from Marion to another facility might result in a decrease in the level of confinement because of Marion's twenty-three hour lockdown status. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976) (no liberty interest in avoiding transfer "to more adverse conditions of confinement").

While courts sometimes construe a mistakenly-labeled habeas corpus petitions as a civil rights complaint, *see, e.g., Graham*, 922 F.2d at 381-82 (collecting cases), it would be inappropriate to do so here, because petitioner would face obstacles under the Prison Litigation Reform Act, Title VIII of Pub.L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). *See generally* 28 U.S.C. § 1915.

Therefore, the Court is unable to provide the relief sought. Accordingly, the motion for leave to proceed *in forma pauperis* is **DENIED**, and this habeas corpus action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED this 18th day of August, 2006.**

> **s/ Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**